TRIPOLD v. MYERS.

(Circuit Court, E. D. New York. November 13, 1902.)

1. PATENTS—INFRINGEMENT—PACKING FOR PISTONS.

    The Tripold & Davenport patent, No. 473,182, for packing rings for steam pistons, construed, and *held* not anticipated, and infringed as to both claims.

In Equity. Suit for infringement of letters patent No. 473,182, for packing for pistons, issued to Ambrose A. Tripold and Charles F. Davenport April 19, 1892. On final hearing.

Briesen & Knauth (Arthur v. Briesen and Henry M. Turk, of counsel), for complainant.

Arthur C. Fraser and Joseph A. Stetson, for defendant.

THOMAS, District Judge. The bill was filed to restrain alleged infringement of both claims of letters patent No. 473,182, issued April 19, 1892, upon an application filed December 17, 1891, for improvement in packing rings for steam and other pistons. The defendant was at one time a member of the firm to whom was given a license of the entire and exclusive right to manufacture, sell, and use articles under the patent, and as a member of such firm was responsible for a circular issued to the trade, in which it is stated that the packing covered by the patent—

"Is unquestionably the simplest, most economical, and consequently best method of packing pistons ever presented to engine users. It makes an absolutely tight piston, thereby utilizing to its fullest extent every particle of steam entering the cylinder. The friction is reduced to a minimum, with a consequent saving in fuel and an increase in power. It is self-adjusting, requiring no springs to set it out against the cylinder, and can be adapted to any form of piston, solid or otherwise. Each packing ring is formed of two split rings, one L-shaped, with a flange turned on the back, over which the second ring is fitted, the cut in each ring being placed opposite to that in the other, so that the joint is broken, and the steam prevented from blowing through. The exterior circumference of both rings, when placed together, form the face which comes in contact with the interior of the cylinder. In packing rings, where a tongue or filling piece is used to break the joint, there is danger of the tongue piece breaking and the fragments of it cutting the cylinder, but this danger is entirely averted by the second ring, which also gives greater flexibility and uniform expansion, thus preserving a perfectly round and true cylinder."

The defendant's commendation and outline of the complainant's patent leaves occasion for brief supplementary description, which may be taken from the specifications:

"Each packing ring is composed of two parts, C and D. The ring C is flat, and the ring D is provided with two flanges, the flange 3 being annular to set within the ring C, and the flange 4 being cylindrical and standing in the opposite direction to the flange 3, and forming a wearing-surface against the interior surface of the cylinder. The contracting-surfaces of the rings C and D are accurately fitted, so as to be fluid-tight; and with this object in view it is preferable to turn the respective rings and set them together, and then true off the flat surface 5 and the cylindrical surface 6, after which the rings are to be split at one place, so as to be expansive, and the one ring is rotated upon the other, so that the split of one ring is adjacent to the plain portion of the other ring. Hence the flat surface 5 is made steam-tight against the corresponding surface of the piston, because the notch 7 of the ring C is adjacent to a plain portion of the flange 3, and the notch 6 in the ring D is opposite a plain portion of the ring C, and this is always true of the cylindrical

surface 6. Hence it is impossible for steam or other fluid to leak through between the rings and the cylinder, or between the rings and the piston; and it is to be observed that the packing-rings standing in opposite directions upon the piston, the steam-pressure tends to force the flat surface 5 of one packing against the piston when going in one direction, and when going in the other direction the pressure acts in a similar manner upon the other packing, and, in addition to this, the pressure of the steam or other fluid within the cylindrical flange 4 tends to press the packing ring D outwardly, and hold the same firmly against the interior of the cylinder, and in so doing the flange 3 acts to expand the ring C to the same extent, and cause both packing-rings to wear equally against the interior of the cylinder. The rings shown in Figs. 5 and 6 are to be made in precisely the manner before described, except that the surfaces that come together are in Fig. 5 double inclines and in Fig. 6 concave and convex. In Fig. 7 we have represented a third ring, E, as introduced into the annular grooves in the adjacent flat faces of the rings C and D. These modifications in the sectional forms of the rings do not change the operations of the parts. A pin, 9, may be provided to hold the rings from turning around one on the other."

Fig. 3. Fig. 2. Fig. 4.

Fig. 1.

Fig. 5. Fig. 6. Fig. 7.

The defendant, either for the purpose of defeating the patent entirely, or limiting it, refers to letters patent for packing rings issued to Colebrook, Roth, Stevens, Dick, Youse, St. John, and Baker, with particular emphasis on the last two.

The Baker packing consists of a set of rings made of two members, each of which is split at one point only, and together making a contin-

uous ring, but the outer member is flanged on its inner side to receive the other, and the split in each member is covered by the other member. Thus adjusted, the two members, as a whole packing ring, turn around the chunk ring. This patent is unlike the one in suit in the following particulars: (1) There is no flange on the outer side of the outer member upon which the steam may exert a lifting force. (2) On both sides of the chunk rings recesses or chambers are made, within which are placed springs so as to press the packing rings outward against the surface of the cylinder. (3) There is no longitudinal thrust of the steam against the outer surface of the ring, which is faced by the piston, but the steam can reach the rings only through holes in the piston, and thereupon acting on the under side of the rings, it presses them out, to make an intended tight packing against the interior surface of the cylinder. (4) It is intended that the rings shall be free to constantly and slowly revolve around the chunk ring for the purpose of diminishing the tendency to uneven wear. The dissimilarity of the Baker device to that in suit is such as to preclude any further consideration of it.

The St. John patent consists of a single ring, with a flange on the outer side, "so that the steam against it will tend to set the ring out against the interior of the cylinder. This ring is cut at one side, and a filling-piece, B, of peculiar construction, is fitted into the recesses, e. This filling-piece has the ends, c c', which fit snugly into the said recesses, e, and a T-piece, d, which fits into a recess at the upper side of the rings."

Thereby it is intended that the joint shall be securely closed by the filling piece, and the ring freely allowed to expand. In other words, the packing consists of one ring, flat on the inner side and flanged on the outer side, and cut at one side, on either side of which split, for a short distance, is placed a key fitted into recesses on the interior side of the ring. The arrangement is shown by the subjoined figures:

The outer ring very much resembles that of the outer ring of the patent in suit, and the defendant claims that the recess and the key correspond in function with the inner ring of the complainant's patent and the inner flange in the outer ring into which the inner ring fits. This resemblance seems quite remote. The key does not perform the same function as the inner ring of the complainant's patent.

The complainant quite justly contends for his device that the steam, acting immediately upon the outer flange of the outer ring, as well as upon the under side of the rings, lifts the ring into close contact with the cylinder, and that the outside ring carries with it the inner ring, which has the following advantages in connection with the outer ring: (1) If there were a single ring, split at one point so as to permit expansion, there would, at the time of such expansion, be a leak, even though there were a key such as is used by St. John; but if within this outer ring there be placed another, also separated at a point, and the places of separation in the rings be not coincident, when they are conjoined, but be arranged, for instance, at opposite points in the circle, the two rings united will be free to expand, and will not suffer leakage. (2) The inside ring aids to distribute the strain when the rings are expanded by steam so as to present a truer surface to the inner face of the cylinder. (3) The inner ring presents a wider cylindrical surface, which is useful in preventing the leakage of steam between such surface and the inner face of the cylinder. (4) The inner ring prevents the outside ring from opening at the point of separation in such a way as to destroy its symmetrical adaptation to the cylinder, and from scraping or marring the cylinder at the point of separation. It is not perceived that the key in the St. John patent has any of these advantages, unless, to some extent, it may be the one last mentioned, nor do the key and recess seem in any practical degree to perform the same function as the complainant's inner ring, fitted upon the inner flange of the outer ring. It is considered that the St. John patent is not an anticipation of the patent in suit.

The other references seem too dissimilar for useful discussion.

The remaining question relates to the alleged infringement. There are two members of the complainant's packing described in the claims, although the specifications mention the use of three. The defendant's packing consists of three rings. The rings, as a whole, show similarity in the following respects: They present the same inner, outer, and cylindrical surfaces. This statement should be modified in this: The defendant's packing shows three notches in its cylindrical surface, while the complainant's shows but two, and the defendant's packing shows two notches in the surface of the exterior ring, while the complainant's shows but one. These differences arise from the fact that the defendant uses three rings, while the complainant uses customarily two. With these exceptions, when the members are conjoined, the defendant has an outer member with a flange upon which the steam lifts as it does in the complainant's packing. While in the complainant's packing the outer ring immediately lifts the inner ring from a contact with the under side thereof, the defendant's outer ring lifts an intermediate ring acting upon the superior end thereof, and this ring lifts the interior ring, acting upon both its inferior end and the superior portion thereof. That is, the complainant's outer ring, in the

form of a Z, receives the steam on the outer flange, whereby the outer ring is lifted, carrying with it the inner ring, which rests on the inner flange; while the defendant's outer ring lifts the inner ring in the form of an inverted T, which in turn carries the inner ring. The defendant has the ring with an outer flange, which is shown in the St. John patent, but he has the inside ring, which has all the advantages enumerated for the complainant's packing. The defendant's method of lifting this ring does not seem material.

But the real question is, is the defendant's structure differentiated by the interposition of the intermediate ring, which coacts with the two exterior rings, producing the same result as do the complainant's rings, and, so far as it is shown, doing it no better and by no different mode. The multiplication of rings may increase the cylindrical surface presented to the interior of the cylinder. This is not a new attribute, but the extension of the former advantage. The defendant contends that the intermediate ring so distributes the wearing points that instead of the main wear coming at two points it comes at six points, or is practically uniformly distributed around the rings. This would indicate an economy, but no change in function or mode of operation, and the same may be said of the claim that the defendant's innermost ring has an offset fitting into a rabbet in the outer surface of the T-shaped middle ring, which has the novel function of equalizing the outer wearing faces of the three rings so that they wear alike, and press equally against the cylinder. It seems to the court that the defendant's three rings do precisely the same thing as do the complainant's two rings, but, instead of the outer ring lifting immediately upon the inner ring, an intermediate ring, adjusted on one side to the outer ring and on the other to the inner ring, lifts the inner ring. The outer ring alone presents no patentable novelty. It was the conjunction of the two rings, one acting upon the other, and both rising to the surface of the inner surface of the cylinder that avoided the former mischiefs, and gave measurable perfection to the device. The defendant has the same conjunction of parts, except that he cuts the whole packing into three parts, and makes an internal adjustment, whereby such parts are fitted and held together. It is considered that this does not differentiate the device from that of the complainant.

It is concluded that the defendant has infringed both claims of the complainant's letters patent, and there should be a decree accordingly.